## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**


     **v.**                                                                                  **CR NO. 05-644 (JMF)**


**VINCENT FLETCHER,**

     **Defendant.**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.    On December 1, 2005, at about 2:30 a.m., the Park Police searched the car the defendant was driving near the intersection of Benning Road and Minnesota Avenue. In the glove compartment, the police found marijuana, 61 grams of cocaine, 5.1 grams of crack cocaine, 6 Ecstasy tablets, and a loaded gun. The police also found a digital scale covered with white powder.

2.    In an earlier search of the defendant, the Park Police found about $2,600 in the defendant's pocket.

3.    The defendant, referring to the search of the car, said: "Everything is mine; he had

nothing to do with it." The latter  was an apparent reference to the passenger in the defendant's car.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C).  If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).  In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1.     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.     The weight of the evidence;

3.      The history and characteristics of the person, including

      a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

      b.      Past conduct, history relating to drug or alcohol abuse;

      c.      Criminal history;

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The Park Police officer explained that, based on his training and experience, the drugs found in the car were not for the defendant's personal use, but for distribution. That this 19 year old would have over $2,500 in cash in his possession and the presence of the digital scale surely make the Park Police officer's opinion a most reasonable one.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** As just noted, the defendant is

nineteen years old and has lived in the District of Columbia all of his life.  He is unemployed.

**The weight of the evidence.**  At this point, the government's case appears to be overwhelming.

**History relating to drug or alcohol abuse.**  The defendant indicated that he used drugs within the past 30 days.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole.**  The defendant has one prior Maryland conviction for possession of cocaine.  The government investigated that conviction and learned that the original charge was possession with intent to distribute that drug.  The defendant is on probation and is apparently serving a portion of his sentence on weekends.  His probation officer is so dissatisfied with his compliance with the terms of his probation that she is preparing a violation report, recommending revocation of probation.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  While he is young and is confronting his first felony charge as an adult, the evidence indicates that at 2:30 in the morning, he has drugs, a digital scale, and a gun and, most significantly, a large amount of money.  The conclusion is nearly ineluctable that this young man had just had a successful night of dealing drugs and that the gun was in the car to protect him, his drugs, and his money.  That kind of behavior while on probation certainly explains why his probation officer is taking steps to have his probation revoked and surely deprives me of any confidence that this defendant would not commit new crimes if I were to release him.  Defendant offers that he goes to jail on weekends.  But, he must go to jail on weekends or be arrested if he

fails to appear.  That he fulfills that obligation while apparently violating the other terms of his probation does not overcome the presumption in favor of his detention.

I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the defendant detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:**