**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 05-457 (RMC)** |
| | : | |
| **VINCENT LEO FLETCHER,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**UNITED STATES' MOTION TO ADMIT INEXTRICABLY INTERTWINED**
**EVIDENCE AND OTHER CRIMES**
**EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully moves this Court to permit the introduction of inextricably intertwined,

contemporaneous uncharged misconduct on the part of the defendant, as well as prior

misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan,

preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule

404(b)") .  In support of its motion, the United States relies on the following points and

authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1.      The defendant is charged in a five count indictment with the following crimes:

Possession with Intent to Distribute 5 Grams or More of Cocaine Base, 21 U.S.C.

§§ 841(a)(1) & 841(b)(1)(B)(iii); Possession with Intent to Distribute Cocaine, 21 U.S.C.

§§841(a)(1) & 841(b)(1)(C); Possession with Intent to Distribute Ecstasy, 21 U.S.C. §§841(a)(1)

& 841(b)(1)(C); Possession with Intent to Distribute Cannabis, 21 U.S.C. §§ 841(a)(1) &

841(b)(1)(D); and, Using, Carrying and Possession a Firearm During a Drug Trafficking Offense, 18 U.S.C. §924(c)(1) .

2.    At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On December 1, 2005, at approximately 2:30 am, officers from the United States Park Police (USPP) initiated a traffic stop on a 1997 Cadillac with two front seat occupants, for a suspected window tint violation on Central Avenue, NE, east of Benning Road, NE, Washington, D.C.  From the rear of the vehicle, the driver was requested to lower all passenger windows for officer safety, and he complied with that request. Contact was made with the driver, defendant Vincent Leo Fletcher, who provided his driver's license and registration to the police officer.  While speaking to Mr. Fletcher, the officer noticed in plain view a suspected marijuana stem in the middle of the driver side rear floorboard.  The officer retrieved the marijuana stem and asked the defendant the reason for its presence.  The defendant at first provided no explanation, but then stated that his sister has operated the vehicle previously, and that she smokes marijuana.  Mr. Fletcher was removed from the vehicle and gave consent to search his person.  He was found to be in possession of a large sum of U.S. currency, two thousand five hundred seventy-eight dollars ($2,578.00).

3.    The front seat passenger, identified as Jose Bimbo, II  was then contacted by the police officer.  From the open front passenger window, officers smelled the distinct odor of raw marijuana.  Upon the officer's  mention of the smell, the defendant acknowledged that there was marijuana in the vehicle.  The defendant stated that he had approximately one gram of marijuana in the center console armrest.  At this point, the front seat passenger, Mr. Bimbo, was removed from the vehicle.  The officers were able to determine that the strong, raw marijuana smell was

coming from the glove box. Contrary to the defendant's assertion, the officers did not see any marijuana in the center console armrest. Rather, they saw a clump of marijuana in the passenger seat. Another officer on scene confirmed the strong, raw marijuana smell coming from the glove box. The police attempted to open the glove box, but it was locked. Just prior to the police using the keys to open the glove box, the defendant exclaimed that they needed a search warrant to go in there.

4.     Inside the glove box officers found a loaded semi-automatic Ruger 9mm pistol, a separate loaded magazine for the weapon, approximately sixty-one grams of cocaine, approximately eight grams of hydroponic marijuana, approximately five grams of crack cocaine a.k.a. cocaine base, and approximately six tablets of suspected ecstasy. Field tests of the suspected narcotics yielded positive results for cocaine and marijuana.

5.     The police also recovered an orange prescription pill bottle containing a white powdery residue and a Triton T2 digital scale covered in a white powdery substance. The substance on the scale field tested positive for cocaine. Loose marijuana and cocaine was observed throughout the front passenger compartment of the vehicle. On the scene, the defendant stated that Mr. Bimbo had nothing to do with the contraband found in the car. Mr. Fletcher was placed under arrest. A check of the driver side passenger compartment windows with a calibrated tint meter revealed a light transmittance of 24%, in violation of Maryland's window tint law. The recovered firearm was test fired and found to be fully functional, and Mr. Fletcher was not licensed to carry a pistol in the District of Columbia on the day in question.

## Argument

1.      In this case, the government seeks to introduce the uncharged contemporaneous conduct of the defendant on the day he was arrested, namely his possession of drug paraphernalia, as inextricably intertwined evidence.  The government also seeks to introduce evidence of the defendant's previous possession of cocaine, possession of marijuana, and attempt by driver to elude police, pursuant to Rule 404(b).

2.      Regarding the drug paraphernalia, the government seeks to introduce the Triton T2 digital scale with drug residue on it, and the orange prescription bottle also with residue on it. The government takes the position that the drug paraphernalia evidence is <u>not</u> other crimes evidence because it facilitates the commission of the charged crime of possession with intent to distribute.  <u>United States v. Bowie</u>, 232 F.3d 923 (D.C. Cir. 2000) suggests that the test for "intrinsic type evidence" asks whether the evidence is of an act that is part of the charged offense, or some uncharged act(s) performed contemporaneously with the charged crime, if it/they facilitate the commission of the charged crime.  Here, it is clear that possession of a digital scale facilitates the crime of possession with intent to distribute narcotics.  Thus, possession of the scale itself is not other crimes evidence; rather, it is inextricably intertwined or intrinsic evidence.  <u>See</u> <u>also</u>, <u>United States v. Allen</u>, 960 F.2d 1055, 1058 (D.C. Cir. 1992, <u>cert. denied</u>, 506 U.S. 881 (1992) (testimony that defendant who was charged with PWID stood and watched a co-defendant distribute drugs was intrinsic to drugs recovered shortly thereafter during the execution of a search warrant).[1]

---

[1]      In the alternative, the United States asserts that the drug paraphernalia should be admissible as other crimes evidence, in the event that this court prefers to treat said paraphernalia
(continued...)

4

3.     Regarding the defendant's prior misconduct and convictions, the government intends to introduce evidence of the underlying facts and circumstances related to the following convictions:

a.  Defendant's conviction on February 11, 2005 in the Circuit Court for Calvert County, Maryland, case MD005015J/04K04000260, for Possession of Cocaine.

b.  Defendant's conviction on February 11, 2005 in the Circuit Court for Calvert County, Maryland, case MD005015J/04K04000260, for Possession of Marijuana; and

c.  Defendant's conviction on February 11, 2005 in the Circuit Court for Calvert County, Maryland, case MD005015J/04K04000260, for Attempt by Driver to Elude Police.

4.     Under Rule 404(b), the aforementioned drug paraphernalia possession and prior offenses provide proof in this case that the defendant's possession of the suspected cocaine and marijuana on December 1, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[2]  They also provide proof of motive, intent, plan and preparation  to distribute the narcotics found in his car, since it is reasonable to presume that one engaged in the endeavor of the distribution of narcotics, be it for profit or otherwise, would want to accurately measure their quantity with a scale prior to making the actual distribution.

5.     Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie,

---

[1](...continued)
evidence as Rule 404(b) other crimes evidence.

[2] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than

exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of

the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of

other crimes evidence in but one circumstance – for the purpose of proving that a person's

actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir.

1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at

1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing

United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the

evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does

not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule

404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the

evidence is not offered solely to prove character.'"

6.     Such evidence is of course subject like all evidence to the strictures of Rule 403.

Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if

so, 2) whether the evidence is admissible under Rule 403 because its probative value is not

substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d

983, 987 (D.C. Cir. 1984).

7.     As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the

admission of evidence in close cases" -- even when other crimes evidence is involved. Moore,

732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was

with ensuring that restrictions would not be placed on the admission of such evidence").[3]

       8.     In the instant case, the government must prove that the defendant knowingly and

intentionally possessed the narcotics, the gun and the ammunition that were ultimately recovered

from his vehicle.  Furthermore, with respect to the controlled substance charges, the government

must show that the defendant knowingly possessed the drugs in this case, i.e. that he "did so

knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not

mistakenly, accidentally, or inadvertently."  See Criminal Jury Instructions (the "Red Book"),

Instruction 4.28.  The jury will be instructed that "[m]ere presence near something or mere

knowledge of its location is not enough to show possession."  Red Book, Instruction 3.08.  The

jury will further be instructed that the government must prove the defendant's specific state of

mind with respect to these drugs, that is, that he intended to possess them.  Red Book, Instruction

4.28.  The jury will further be instructed that the government must prove that when the defendant

possessed the controlled substance, he had the specific intent to distribute it.  "Distribute" means

to transfer or attempt to transfer to another person.  Red Book, Instruction 4.29.  Therefore, the

government's burden of proving intentional possession, intent to distribute, and lack of mistake

---

[3] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

or accident, is substantial.  Each of these elements is directly addressed by the proffered evidence.

9.    "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>."    <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>).  Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession, and uncharged concomitant conduct consisting of possession of drug paraphernalia, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past.  For example, in <u>Crowder</u>, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  The Court in <u>Crowder</u> stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.  <u>See</u> Fed.R.Evid. 401, advisory committee notes.

<u>Id.</u> at 1209 n. 5.  The government seeks to do nothing more in the instant case – <u>i.e.</u>, to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs and gun he possessed.  <u>Id.</u>

10.    All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs, gun, and ammunition in this case.  Moreover, this evidence is also probative in showing that the defendant's possession of the

drugs, gun, and ammunition were not the result of mistake or accident.  The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

11.    Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms and drugs is admissible as 404(b) evidence.  <u>See</u> <u>United States v. Cassell</u>, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."  <u>Id</u>. at 793 (citation omitted).

12.    In <u>United States v. Brown</u>, 16 F.3d 423, 424-26 (D.C. Cir. 1994),  the defendant had been charged with multiple drug and firearms offenses.  The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown.  <u>Id</u>. at 423-26.  When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment.  <u>Id</u>. at 424.

13.    In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges

for the items in the safe.  Id. at 429, 430-32.  Specifically, the Court found that the gun recovered

during the arrest was cross-admissible under 404(b) "because it was relevant to show intent,

knowledge or absence of mistake with respect to the firearms found in the safe during the

November Search."  Id. at 431.  As the Court commented in next finding the evidence admissible

under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to

make it less probable that the pistols found in the safe during the November Search were there by

mistake or without intent."  Id. at 432.  While the fact that defendant Brown was arrested while

carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable

probative weight.  Therefore, the gun, while a close call, also was cross-admissible."  Id. at 432.

See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in

constructive possession case, evidence of prior drug activities and firearm possession was

admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the

instant firearm);  United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S.

940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding

and abetting distribution of crack);  See also Clarke, 24 F.3d at 264 (evidence of prior sales of

cocaine by defendants admissible to establish intent regarding their possession of large amounts

of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073,

1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with

distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug

transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake);

United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug

trafficking admissible in trial of charges of possession with intent to distribute drugs to show

intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441
n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to
possess), cert. denied, 514 U.S. 1041 (1995).

14.     Several decisions from other circuits have similarly held that possession of
narcotics and/or firearms on one occasion is probative of possession on an earlier or later
occasion.  See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1)
prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as
proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in
prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous
and subsequent possession of handguns properly admitted under Rule 404(b) as proof of
defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d
1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug
trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to
prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d
1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986
and 1987 was relevant to show that it was no mistake or accident that defendant had guns and
drug paraphernalia in his apartment during execution of search warrant in 1988, and to show
knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a
felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under
Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the
gun).

15.    Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused <u>actually</u> possessed a gun at a later point in time.  <u>See</u> <u>United States v. Harold Linares</u>, 367 F.3d 941 (D.C. Cir. 2004).  In <u>Linares</u>, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun.  The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand.  However, under the facts of the instant case the Government will be proceeding using a theory of constructive possession, accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry.

16.    Even if the Court determines that <u>Linares</u> controls in this case, there are significant factors which distinguish this case from the facts in <u>Linares</u>.  Unlike in <u>Linares</u>, a jury in this case may reasonably doubt any proof of actual possession and focus on the issue of constructive possession, for which knowledge is a contested issue.  At this time, there is no evidence that defendant Fletcher was ever observed in actual possession of the handgun or narcotics seized from his vehicle.  Even if the jury is to credit the police officers' testimony regarding the location of the gun and narcotics, it could still find that the defendant did not have knowledge of the presence of the gun and narcotics recovered from his vehicle.

17.    Therefore, unlike in <u>Linares</u>, the jury could reasonably find that the defendant did not touch the gun or drugs in the police officers' presence, but that he nonetheless had the power to exercise control over these items.  However, the jury could also reasonably doubt that the defendant knew about the presence of the gun and/or drugs found inside his car.  Nowhere does

<u>Linares</u> suggest that under such circumstances it is error to admit evidence offered to establish the defendant's knowledge.   Evidence of the defendant's prior possession of drugs should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.  Here, the proffered evidence of other crimes bears a close relationship to the offenses charged.  The proffered evidence will clearly demonstrate among other things, the defendant's specific intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit inextricably intertwined evidence and other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058


_____

ROBERT J. FEITEL
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 433-180
FEDERAL MAJOR CRIMES SECTION
202.353.3706

13

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Admit Inextricably Intertwined Evidence and Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Jonathan Jeffress, Esquire, this 19th day of January, 2006.

_____
ROBERT J. FEITEL
ASSISTANT UNITED STATES ATTORNEY