UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 05-00457 (RMC)** |
| | : | |
| **v.** | : | **Status Hearing – March 24, 2006** |
| | : | |
| **VINCENT LEO FLETCHER** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## UNITED STATES' SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession with Intent to Distribute Five Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) are:

1. That the defendant possessed a controlled substance;

2. That the defendant did so knowingly and intentionally;

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

4. The substance was cocaine base, also commonly known as crack which is smokeable or capable of being smoked; and

     5. The amount of cocaine base, which is also known as crack, weighed five grams or more.

See District of Columbia Criminal Jury Instruction 4.29 (1993) ("Red Book").

II.    COPY OF THE PLEA AGREEMENT:

    A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES:

    Pursuant to 21 U.S.C. § 841 (b)(1)(B) and 18 U.S.C. § 3583(b)(1), the crime of Unlawful Possession with Intent to Distribute Five Grams or More of a Controlled Substance, to wit, Cocaine Base, also known as crack, carries a penalty of incarceration of not less than 5 years and not more than 40 years, a fine of up to $2,000,000, or both, along with a term of supervised release of not less than 4 years and not more than 5 years. If the defendant has a prior conviction for a felony drug offense, the term of imprisonment may not be less than 10 years and not more than life imprisonment, a fine of $4,000,000.00, or both, and a supervised release term of at least 8 years, in addition to any term of imprisonment

    The defendant has agreed to pay a special assessment of $100 to the Clerk's Office for the United States District Court prior to the date of sentencing.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

    If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt with competent, admissible evidence:

    On December 1, 2005, at approximately 2:30 am, officers from the United States Park

Police (USPP) initiated a traffic stop on a 1997 Cadillac with two front seat occupants, for a suspected window tint violation on Central Avenue, NE, east of Benning Road, NE, here in Washington, D.C. From the rear of the vehicle, the driver was requested to lower all passenger windows for officer safety, and he complied with that request. Contact was made with the driver, defendant Vincent Leo Fletcher, who provided his driver's license and registration to the police officer. While speaking to Mr. Fletcher, the officer noticed in plain view a suspected marijuana stem in the middle of the driver side rear floorboard. The officer retrieved the marijuana stem and asked the defendant the reason for its presence. The defendant at first provided no explanation, but then stated that his sister has operated the vehicle previously, and that she smokes marijuana. Mr. Fletcher was removed from the vehicle and gave consent to search his person. He was found to be in possession of a large sum of U.S. currency, two thousand five hundred seventy-eight dollars ($2,578.00).

 The front seat passenger, identified as Mr. Jose Bimbo, II was then contacted by the police officer. From the open front passenger window, officers smelled the distinct odor of raw marijuana. Upon the officer's mention of the smell, the defendant acknowledged that there was marijuana in the vehicle. The defendant stated that he had approximately one gram of marijuana in the center console armrest. At this point, the front seat passenger, Mr. Bimbo, was removed from the vehicle. The officers were able to determine that the strong, raw marijuana smell was coming from the glove box. Contrary to the defendant's assertion, the officers did not see any marijuana in the center console armrest. Rather, they saw a clump of marijuana in the passenger seat. Another officer on scene confirmed the strong, raw marijuana smell coming from the glove box. The police attempted to open the glove box, but it was locked.    Just prior to the police

using the keys to open the glove box, the defendant exclaimed that they needed a search warrant to go in there.

Inside the glove box officers found a loaded semi-automatic Ruger 9mm pistol, a separate loaded magazine for the weapon, approximately sixty-one grams of cocaine, approximately eight grams of hydroponic marijuana, approximately five grams of crack cocaine a.k.a. cocaine base, and approximately six tablets of suspected ecstasy. Field tests of the suspected narcotics yielded positive results for cocaine and marijuana. The suspected ecstasy turned out not to be ecstasy.

The police also recovered an orange prescription pill bottle containing a white powdery residue and a Triton T2 digital scale covered in a white powdery substance. The substance on the scale field tested positive for cocaine. Loose marijuana and cocaine was observed throughout the front passenger compartment of the vehicle. On the scene, the defendant stated that Mr. Bimbo had nothing to do with the contraband found in the car. Mr. Fletcher was placed under arrest. A check of the driver side passenger compartment windows with a calibrated tint meter revealed a light transmittance of 24%, in violation of Maryland's window tint law. The recovered firearm was test fired and found to be fully functional, and Mr. Fletcher was not licensed to carry a pistol in the District of Columbia on the day in question.

A forensic chemist at the Drug Enforcement Administration laboratory performed a chemical analysis of the suspected cocaine base, cocaine hydrochloride and marijuana, and confirmed the presence of 5.4grams of cocaine base at 70% purity, 58.112 grams of cocaine hydrochloride, and 5.011 grams of marijuana, all controlled substances.

  The cocaine base analyzed by the DEA chemist is also known as crack, and is smokeable or capable of being smoked.  The defendant knowingly and intentionally possessed the cocaine base, also known as crack, with the intent to distribute it.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. 451-058


        _____
        ROBERT J. FEITEL
        Assistant United States Attorney
        Bar No. 433-180
        Federal Major Crimes Section
        555 4th Street, N.W.   Room 4231
        Washington, DC 20530
        Robert.Feitel2@usdoj.gov
        202.353.3706

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I will cause a copy of the foregoing to be served by electronic filing upon the attorney for the defendant, Jonathan Jeffress, Esq., this 22nd day of March 2006

                                            _____
                                            Robert J. Feitel
                                            Assistant United States Attorney